## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| JOHN MICHAELWOODRUFF, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CIVIL NO. 7:15-CV-0184-HL-TQL |
| JOSHUA LUKE, | : | |
| | : | |
| Respondent. | : | |

## O R D E R

Petitioner John Michael Woodruff has filed an application for federal habeas corpus relief, pursuant to 28 U.S.C. § 2254, to challenge his July 21, 2015, conviction in the Superior Court of Lowndes County, Georgia.   Under the rules governing habeas corpus actions, district courts are required to examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. § 2254 Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also* 28 U.S.C. § 2243.   Upon review, it is plain on the face of the present application that Petitioner is not now entitled to relief in this Court.

"The federal habeas corpus statute, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and interpreted by the United States Supreme Court, limits the power of a federal court to grant a writ of habeas corpus vacating the conviction of a state prisoner . . . ."   *Hardy v. Commisioner*, *Ala. Dept.*

of Corr., 684 F.3d 1066, 1074 (11th Cir. 2012) (citing *Cullen v. Pinholster*, -- U.S. --, 131 S.Ct. 1388, 1398 (2011); 28 U.S.C. § 2254(b)–(c)).   One of those limitations is that a district court "may not grant such applications unless . . . the applicant has exhausted state remedies."   *Cullen*, 131 S.Ct. at 1398.   A state prisoner is thus required (with few exceptions) to "exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

"A failure to exhaust occurs . . . when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."   *Pope v. Secretary for Dept. of Corr.* 680 F.3d 1271, 1284 (11th Cir. 2012) (internal alterations omitted); *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam).   The exhaustion requirement thus reflects a policy of comity between state and federal courts. *Picard*, 404 U.S. at 274.   It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Id.*   "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion."   *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013).

The present application was filed only two months after Petitioner's conviction and less than twenty days after his sentencing.   Plaintiff also states that he has not yet filed an appeal and is still awaiting the state court's ruling on his motions for new trial.   *See* Petition (ECF  No. 1) at 1, 3-4.   Lack of exhaustion is therefore plain on the face of Petitioner's application.   *See id*.   Because this failure to exhaust cannot be cured by amendment, Petitioner's application must be **DISMISSED** without prejudice.   Once

Petitioner has afforded the State a full opportunity to review his grounds for relief, he may return to federal court, if necessary.

Petitioner has no absolute entitlement to appeal this dismissal.  28 U.S.C. § 2253(c)(1).  Before he may appeal, the Court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. §2254, Rule 11(a).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Because it is clear on the face of this application that Petitioner failed to exhaust available state judicial remedies before filing his petition in federal court, reasonable jurists could not find that a dismissal of the instant action was debatable or wrong.  Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed a notice of appeal).

Leave proceed *in forma pauperis* is **GRANTED** in this action only for the purpose of dismissal.   Petitioner's Motion to Amend (ECF No. 4) is **MOOT**.

**SO ORDERED**, this   30th day of October, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE