IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL WOODRUFF, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | 7 : 15-CV-184 (HL) |
| | : | |
| JOSHUA LUKE, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**ORDER**

Pending in this § 2254 proceeding is Petitioner's Motion for Reconsideration. (Doc. 7). Petitioner seeks reconsideration of the Court's Order dismissing without prejudice Petitioner's application for federal habeas relief and finding Petitioner's Motion to Amend to be moot. The Court notes that pursuant to Local Rule 7.6, motions for reconsideration "shall not be filed as a matter of routine practice". This Court has held that

> [l]itigants should not seek to amend previously submitted documents merely as a means for prolonging disposition of the matter but, instead, only as required in rare circumstances . . . And the Court has no obligation to consider untimely amendments. . . . Motions for reconsideration are only appropriate if the movant can show:  (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.  As such, a motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined.

*Thomas v. Owens*, 2009 WL 3747162, *1 (M.D.Ga. Nov. 4, 2009) (internal

citations omitted).

In his Motion for Reconsideration, the Petitioner asserts that the Court "misapprehended the premise for Petitioner's motion for leave to amend the petition", and appears to seek to add the assertion that he is actually innocent of the crimes for which he stands convicted. (Doc. 7).

Petitioner fails to meet the requisite standard for granting a motion for reconsideration. He has shown no intervening change in the law, has presented no new evidence, and has demonstrated no need to correct a clear error of law. His motion is, accordingly, denied.

**SO ORDERED**, this 2nd day of December, 2015.

*s/ Hugh Lawson*
HUGH LAWSON
SENIOR UNITED STATES DISTRICT JUDGE